## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

Michael Smith,

Plaintiff,

V.                                              Case No:

STRADA SERVICES LLC and
JOSEPH STRADA,

Defendants.

_____.

## FLSA SECTION 216B COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL SMITH, brings this lawsuit pursuant to §216(b) of the Fair Labor Standards Act ("FLSA"), against Defendants, STRADA SERVICES LLC, (hereinafter "Strada") and JOSEPH STRADA (hereinafter, "Joseph Strada" and collectively with Strada, "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* for failure to pay overtime compensation and for willfully misclassifying him as exempt from overtime pay.

## INTRODUCTION

1. The Fair Labor Standards Act is our nation's foremost wage law. The overtime requirements of the FLSA were designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for

health, efficiency, and general well-being of workers..." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employees.  29 U.S.C. §§ 206(a) and 207(a).  It requires minimum wage and overtime pay for certain non-exempt employees.  29 U.S.C. §213.

2. Plaintiff, Michael Smith ("Smith" or "Plaintiff") worked for Defendants from on or about February 21, 2020, to March 20, 2021.

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, since this action involves a federal question under the Fair Labor Standards Act, 29 U.S.C., §§201 et seq.

4. This Court has personal jurisdiction over this action because the Defendants are engaged in business within the State of Florida and within this District.

5. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391(b) since Defendant Strada's principal place of business is in Sanford, Florida and is in this District.

6. Upon information and belief, Defendants have revenues of $500,000.00 or more in the previous three (3) years and employ ten (10) or more employees.

7. Defendants are engaged in interstate commerce, ordering, and obtaining products and materials from across state lines, and then installing such products and materials.

8. At all relevant times, Defendants have been, and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§206(a) and 207(a).

## THE PARTIES

9. At all times relevant to this action, Plaintiff Michael Smith resided in Florida.

10. Plaintiff worked for Defendants as a Supervisor from February 21, 2020, to March 20, 2021.

11. Defendants are an employer as defined by 29 USC section 203(d), as Defendants are directly involved in decisions affecting employee compensation and hours worked by the Plaintiff. Defendants also directed the work and the day-to-day work activities of the Plaintiff, created the unlawful pay practices alleged, and enforced those pay practices.

12. Defendant, STRADA SERVICES, LLC, is a Foreign Limited Liability Company with its principal place of business located at 3400 ST. JOHNS PARKWAY, SANFORD, FL 32771. Defendant may be served through its

registered agent, REGISTERED AGENTS INC., 7901 4TH ST N, SUITE 300, ST. PETERSBURG, FL 33702.

13. Defendant Joseph Strada is the President of Strada. Joseph Strada is a resident of Florida and subject to the personal jurisdiction of this Court.

14. Defendant Joseph Strada also created, instituted, and maintained the unlawful pay practices and schemes complained of herein and was in charge of the day-to-day management of the company throughout the preceding 3 years to the present.

15. Defendants operate an electrical contracting company throughout the States of Florida and Alabama from its corporate office located in Sanford, Florida.

16. As per Defendants' website, Stradaelectric.com, the Defendants operate at least 22 offices throughout the State of Florida, in addition to offices in Houston, Texas, and Daphne, Alabama, within the relevant three-year class period.

17. Defendants, upon information and belief, employ upwards of 200 or more employees.

18. STRADA SERVICES LLC is an "employer" as defined by 29 USC section 203(d). Plaintiff worked under the title of Supervisor at any given time during the preceding 3 years to the present.

### GENERAL FACTUAL ALLEGATIONS

19. Plaintiff was paid a salary of $52,000.00 a year as a Supervisor and classified as exempt from overtime.

20. Plaintiff's official duties were supposed to include managing the safety, quality, and efficiency of new residential electrical installation projects and overseeing the day-to-day installation activities across multiple crews and ensure timely and on-budget completion of projects.

21. Plaintiff's position did not require any professional license other than a valid Driver's license and only knowledge of the current National Electric Code.

22. Plaintiff did not supervise any installation work but would actually do the installation work himself as other employees who worked for Defendants as installers.

23. At the shop or warehouse, Plaintiff was supposed to be a part of management, but instead, found himself working as a hands-on laborer, performing his own installation and electrical work at job sites.

24. Plaintiff also performed the work of a Strada QA position, someone who is sent out to all the jobs after the installers perform the electrical installation and trim work, and out there to review the installation work and be able to check that all was installed properly and without errors or mistakes.

25. At the shop, Plaintiff handed out the jobs and routes to the installers which was without the need for any independent judgment or even any careful decision making or rationale, other than handing out jobs to whoever was available to work.

26. Plaintiff did not evaluate their work performance or perform any annual reviews of any employee.

27. Plaintiff was not involved with the hiring decisions, or decisions on terminating any installer, and he had no discretion to discipline any installer or fire an installer. Plaintiff had no role in the wages paid to other employees or the amount of raises.

28. On many occasions Plaintiff did the installation work entirely by himself.

29. Plaintiff did not supervise 2 or more full time employees.

30. Plaintiff was given a set scheduled to work Monday through Friday, 6:30 am to 3:00 pm but regularly and routinely worked past 3:00 pm.

31. In order to complete the work and the jobs assigned to him by the Defendants, Plaintiff routinely had to work more than 8 hours in a day and more than 40 hours in a week.

32. At the request and requirement of Defendants, Plaintiff routinely worked after 3:00 PM, even working into the evening hours.

33. Defendants were fully aware and knew that Plaintiff was working more than 40 hours each week, including working beyond 3:00 pm.

34. Defendants have willfully violated, and continue to violate, §207 of the FLSA by failing to pay Plaintiff overtime compensation for all hours worked in excess of forty (40) per week.

35. The FLSA provides that, with certain exceptions, employers must pay employees overtime of at least one and one-half (1.5) times their regular rate of pay for any hours over forty (40) worked in a week. 29 U.S.C. §207(a)(1). Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter, and Defendants have treated Plaintiff as an exempt employee during his employment and refused to pay him a premium for overtime hours worked.

36. Unless proven to be exempt from the protection of overtime laws, all employees are entitled to premium overtime pay for work in excess of forty (40) hours per week.

37. Defendants' failure to pay overtime compensation was and is a knowing and willful violation of the overtime wage requirements of the FLSA.

38. The Defendants have a history of unlawful practices regarding their employees, as evident by the numerous lawsuits and claims against Defendants from other workers in the cases of: ***RICHARD REYES, individually and On behalf of all others similarly situated v. STRADA SERVICES INC. d/b/a Strada Electric and Security,*** **Case No. 8:21-cv-00976-VMC-TGW;** *Vasquez v. Strada Services Inc*, **Case no. CV-01288;** *Serna v. Strada Services Inc.*, **Case No. CV-28911-TPB;** *Vargas v. Strada Services Inc.*, **Case No. 6:19-1892-EJK;** ***KIRK THOMER, Individually, and on behalf of all others similarly situated v. STRADA SERVICES INC., and STRADA SERVICES LLC d/b/a STRADA ELECTRIC & SECURITY,***

*and JOSEPH STRADA*, **Case No. 6:22-cv-00075-WWB-GJK,** all filed in the United States District Court, MIDDLE DISTRICT OF FLORIDA.

### COUNT I
### CLAIM FOR VIOLATION OF § 207 OF THE FLSA AND FAILURE TO PAY OVERTIME WAGES

39. Plaintiff adopts and re-alleges the foregoing paragraphs as if fully asserted herein.

40. At all relevant times, Defendants employed Plaintiff within the meaning of section 203 of the FLSA.

41. Plaintiff was paid on a salary basis, and never paid a premium for overtime hours worked.

42. Plaintiff actually performed job duties and responsibilities during the term of his employment which do not meet the definition of, nor satisfy the elements of any recognized and codified exemption under the FLSA.

43. Defendants have willfully misclassified Plaintiff as exempt from overtime pay.

44. Plaintiff accepted that he was exempt, and thus performed all the overtime hours without dispute or question about not being paid premiums for the laborious work.

45. Defendants' management is well aware that Plaintiff was required to work more than 8 hours each day, and more than 40 hours in each work week to complete his job duties and responsibilities, and that Plaintiff did so.

46. Plaintiff routinely worked in excess of 40 hours per week or more during the term of his employment and without being paid a premium for these overtime hours.

47. Plaintiff Smith cannot lawfully be determined exempt under the FLSA because he was given the tile of "supervisor", as the FLSA holds that "[a] job title alone is insufficient to establish the exempt status of any particular employee … [but rather] [t]he exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part." 29 C.F.R. § 541.2

48. As a direct result of Defendants' unlawful pay practices complained of herein, specifically misclassifying Plaintiff as exempt from overtime pay throughout his term of employment, Defendants have willfully stolen his earned wages.

49. Defendants knowingly and willfully failed to pay Plaintiff overtime compensation at the appropriate legal rate for all hours he performed work on behalf of Defendants above and beyond forty (40) hours per workweek in violation of the FLSA, in particular 29 U.S.C. § 207.

50. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

51. Defendants cannot and do not have a good faith basis under the FLSA for its willful actions and conduct of refusing and failing to pay Plaintiff premiums and any pay at all for all overtime hours worked over 40 hours in each and every workweek.

52. Plaintiff is entitled to and should be awarded liquidated damages of an equal sum of the overtime wages awarded.

53. Due to Defendants' willful FLSA violations, Plaintiff has suffered damages, specifically loss of wages, and is entitled to recover from Defendants the unpaid overtime compensation due and owing for all hours worked in excess of forty (40) in each and every workweek, plus an additional equal amount as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs of this action, pursuant to 29 U.S.C. §216(b).

**WHEREFORE** Plaintiff, MICHAEL SMITH demands judgment against Defendants for all past unpaid overtime compensation, plus an equal sum in liquidated damages, and all attorneys' fees and costs pursuant to §216 of the FLSA. Plaintiff also seeks an award of any other legal and equitable relief as this Court may deem appropriate, fair, and just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Filed this 6th day of December 2022.

             Respectfully submitted,

             */s/Mitchell Feldman, Esq.*
             Mitchell L. Feldman, Esquire
             Florida Bar No.:  0080349
             FELDMAN LEGAL GROUP
             6916 W. Linebaugh Ave, #101
             Tampa, Florida 33625
             Tel: 813-639-9366
             Fax: 813-639-9376
             Mfeldman@flandgatrialattorneys.com
             Attorney for Plaintiff