# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MICHAEL SMITH,

        Plaintiff,

v.                                           Case No:   6:22-cv-2265-ACC-LHP

STRADA SERVICES LLC and JOSEPH STRADA,

        Defendants

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND TO DISMISS WITH PREJUDICE (Doc. No. 17)
>
> **FILED:** March 14, 2023
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.  BACKGROUND.**

On December 6, 2022, Plaintiff Michael Smith instituted this action against Defendants Strada Services LLC and Joseph Strada.  Doc. No. 1.  Plaintiff asserts

one claim for unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.   *Id.*   Defendants have answered the complaint and asserted affirmative defenses.   Doc. No. 11.

On March 1, 2023, the parties notified the Court that they had reached a settlement.   Doc. No. 16.   The parties thereafter filed a joint motion to approve their settlement agreement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), and to dismiss the case with prejudice.   Doc. No. 17.   With the motion, the parties filed a fully executed copy of their Settlement Agreement and Release of Fair Labor Standards Act Claims ("Settlement Agreement").   Doc. No. 17-1.   The parties also certify that they have not entered into any other agreement besides said Settlement Agreement in any way related to this action.   Doc. No. 19.[1]

The motion was referred to the undersigned, *see* Doc. No. 6, and the matter is ripe for review.

## II.   APPLICABLE LAW.

In *Lynn's Food*, the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a

---

[1] The parties note that at the outset of Plaintiff's employment, the parties entered into a restrictive covenant agreement containing a non-disclosure of confidential information provision.   Doc. No. 19, at 2.

stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at 1353. A court may only enter an order approving a settlement if it finds that the settlement "is a fair and reasonable resolution of a bona fide dispute," of the plaintiff's FLSA claims. *Id.* at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The stage of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *Lynn's Food*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

---

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

When a settlement agreement includes an amount for attorneys' fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[3] The parties may demonstrate the reasonableness of the attorneys' fees by either: (1) demonstrating the reasonableness of the proposed attorneys' fees using the lodestar method; or (2) representing that the parties agreed to plaintiff's attorneys' fees separately and without regard to the amount paid to settle the plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

### III. ANALYSIS.

*A. Whether Plaintiff Has Compromised His FLSA Claim.*

Pursuant to the Settlement Agreement, Defendants agree to pay Plaintiff a total of $14,000.00, as follows:

- $2,750.00 in unpaid overtime wages;
- $2,750.00 in liquidated damages; and
- $8,500.00 in attorneys' fees and costs.

---

[3] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36–2.

Doc. No. 17-1 ¶ 3(a). In answers to the Court's Interrogatories, Plaintiff claimed to be owed approximately $3,715.39 in unpaid overtime wages, utilizing the fluctuating workweek method for calculation, an equal amount in liquidated damages, and over $11,000.00 in attorneys' fees. Doc. No. 15, at 3–4, 8.

Therefore, because Plaintiff will receive less under the Settlement Agreement than the amount that he claimed was owed under the FLSA, Plaintiff has compromised his claim within the meaning of *Lynn's Food*. *See Bonetti*, 715 F. Supp. 2d at 1226 ("Broadly construed, a compromise would entail any settlement where the plaintiff receives less than his initial demand.").

    *B.    Reasonableness of the Settlement Amount.*

Because Plaintiff has compromised his FLSA claim, the Court must, under *Lynn's Food*, evaluate whether the settlement amount that he agreed to accept is reasonable. In support of their joint motion, the parties explain that this matter involves several disputed issues, including whether Plaintiff was an exempt employee, whether Defendants willfully violated the FLSA, the amount of wages owed to Plaintiff, the number of hours Plaintiff worked, and the method for calculating overtime compensation. Doc. No. 17, at 2, 5. The parties engaged in extensive negotiations and in-depth discussions through their respective counsel, exchanged information, and agreed to resolve the case upon terms that they stipulate are fair, reasonable, and adequate. *Id.* at 3. The parties note that

settlement of this matter allows payment to Plaintiff immediately, while avoiding the uncertainty of litigation. *Id.* at 4.

Because these representations adequately explain the reasons for the compromise of Plaintiff's FLSA claim, I recommend that the Court find the amount of the compromise reasonable. *See Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

    C.    *Attorneys' Fees and Costs.*

Given that Plaintiff has compromised his FLSA claim, the Court must also consider whether the payment to his counsel is reasonable to ensure that the attorneys' fees and costs to be paid did not improperly influence the amount Plaintiff agreed to accept in settlement. *See Silva*, 307 F. App'x at 351. Under the Settlement Agreement, counsel for Plaintiff will receive a total of $8,500.00 in attorneys' fees and costs. Doc. No. 17-1 ¶ 3(a)(iii). In the joint motion, the parties state that "[t]he attorney's fees in this case were agreed upon separately and without regard to the amount to be paid to Plaintiff," and that the parties negotiated the fees after determining the amount owed to Plaintiff. Doc. No. 17, at 4, 5.

Based on these representations, and in the absence of objection, I recommend that the Court find that the amount of attorneys' fees Plaintiff's counsel will receive is reasonable and does not taint the amount that Plaintiff has agreed to accept for

resolution of his FLSA wage claim. *See Bonetti*, 715 F. Supp. 2d at 1228 (finding that when attorneys' fee issue is "addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement").

        D.        *Other Terms of the Settlement Agreement.*

Upon review, the Settlement Agreement does not include any problematic provisions that courts have found to undermine the fairness of an FLSA settlement, including non-disparagement or confidentiality provisions, or a broad general release. *See* Doc. No. 17-1. And the release of claims is limited to Plaintiff's claims under the FLSA. *Id.* ¶ 2. Given that the release is limited to FLSA claims, it does not raise any concerns under *Lynn's Food*. *See, e.g.*, *Torres v. Event Venue Lake Mary LLC*, No. 6:21-cv-660-RBD-LHP, 2022 WL 2349979, at *3 (M.D. Fla. Feb. 2, 2022), *report and recommendation adopted*, 2022 WL 2317463 (M.D. Fla. Feb. 3, 2022) (approving release limited to claims arising under the FLSA); *Monserrate v. Hartford Fire Ins. Co.*, No. 6:14-cv-149-Orl-37GJK, 2016 WL 8669879, at *4 (M.D. Fla. Sept. 23, 2016), *report and recommendation adopted*, 2016 WL 5746376 (M.D. Fla. Oct. 4, 2016) (same). *See also Monahan v. Rehoboth Hosp., Inc.*, No. 6:15-cv-1159-Orl-40KRS, 2015 WL 9258244, at *2 (M.D. Fla. Dec. 18, 2015) (noting that "a release in an FLSA settlement is generally reasonable so long as it is narrowly-tailored to the wage claims asserted in the complaint").

## IV.     RECOMMENDATION.

Based on the foregoing, it is respectfully **RECOMMENDED** that the Court:

1.    **GRANT** the Joint Motion to Approve Settlement Agreement and to Dismiss with Prejudice (Doc. No. 17);

2.    **APPROVE** the parties' Settlement Agreement (Doc. No. 17-1);

3.    **DISMISS** this case with prejudice; and thereafter

4.    **DIRECT** the Clerk of Court to close the file.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.  **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection**.

Recommended in Orlando, Florida on March 24, 2023.

*[signature: Leslie Hoffman Price]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy